**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1748
_____

IN RE:  ROBERT L. NELSON,
                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Crim. No. 09-cr-00211-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
May 26, 2911
Before:  SLOVITER, JORDAN and GREENAWAY, JR., <u>Circuit</u> <u>Judges</u>

(Opinion filed :  June 15, 2011)
_____

OPINION
_____

PER CURIAM

Robert Nelson filed a pro se petition for a writ of mandamus pursuant to 28 U.S.C.

§ 1651, asking that we compel the District Judge currently presiding over his criminal

case to recuse himself and require a new judge to give him an evidentiary hearing.

Through that hearing, Nelson seeks to establish a defense of outrageous government

misconduct based on his belief that the government induced him to commit a crime

through an informant and worked in cahoots with his court-appointed attorneys, who

allegedly altered evidence, requested continuances to benefit the government, and refused

to put forth his outrageous government misconduct defense. For the following reasons, we will deny Nelson's petition.

I.

Nelson was charged in a superseding indictment with conspiracy to possess with intent to distribute and possession with intent to distribute cocaine and cocaine base, and with being a felon in possession of a firearm. The District Court appointed three different attorneys to represent Nelson, but Nelson "found fault with all three, alleging that they were assisting the government in concealing and altering evidence of purported outrageous government misconduct." (Apr. 29, 2011 Mem., Doc. 242, at 1.) Accordingly, Nelson moved to proceed pro se, and the District Court permitted him to do so with the assistance of standby counsel.

Approximately a week before trial, Nelson filed numerous pretrial motions, including: (1) a motion for expanded discovery, seeking information that Nelson believed was germane to his outrageous government misconduct defense; (2) a motion to produce an individual named Charles Dillard, who Nelson believed was serving as the government's informant and who would purportedly establish a link between his first court-appointed attorney, Thomas Thornton, and the government's plan to set him up; and (3) a motion for grand jury minutes, which was also based on the alleged link between Dillard, Thornton, and the government. Nelson also filed two suppression motions and a motion to suppress or dismiss the indictment. Those motions were based on the government's alleged misconduct and defense counsels' alleged constitutional

2

deficiencies. The District Court denied Nelson's motions as meritless, noting in one of its many pretrial orders that "the government, in documents submitted to this court under penalty of perjury, declared that Charles Dillard was not involved in this case" and that Nelson's "argument that his first attorney . . . was working on behalf of the government to gather evidence against [him] is completely unsubstantiated, as are [Nelson's] other allegations of a vast conspiracy to entrap him." (Dec. 3, 2010 Order, Doc. 192 at 1-2 n.1.)

Nelson also filed two identical motions requesting that Judge Conner recuse himself, arguing that the Judge had appointed constitutionally deficient counsel and had exhibited bias by questioning Nelson's defense. Judge Conner denied both motions, concluding that they were wholly meritless.

On the first day of trial, Nelson informed the District Court that he sought to plead guilty and wanted standby counsel to be reinstated as counsel for purposes of the plea proceeding. Ten days later, Nelson filed a motion to withdraw his guilty plea, alleging that he pled based on counsel's misleading advice and that he should be permitted to withdraw his plea in light of additional evidence supporting his defense. While his motion was pending, Nelson filed a request for an evidentiary hearing.

After a hearing,[1] the District Court denied Nelson's motion to withdraw his guilty plea, finding, among other things, that Nelson lacked any evidence of government

---

[1] During the hearing, Nelson apparently requested that Judge Conner recuse himself for the third time, which the Judge declined to do.

misconduct or entrapment. Accordingly, the District Court, construing Nelson's request for an evidentiary hearing as a request for a hearing on his motion to withdraw his guilty plea, denied that request as moot.

Nelson filed a notice of appeal, seeking to challenge the District Court's denial of his motion to withdraw his guilty plea.[2] Around the same time, he filed this petition for a writ of mandamus, which he amended with our permission.

## II.

Mandamus is a "drastic and extraordinary remedy," justifiable only in "exceptional circumstances amounting to a judicial usurpation of power, or a clear abuse of discretion." Cheney v. U.S. Dist. Court for the Dist. of Columbia, 542 U.S. 367, 380 (2004) (citation omitted). To obtain relief, a petitioner must establish that no other means of relief is adequate, a "clear and indisputable" right to the relief, and that issuance of the writ is appropriate under the circumstances. In re Pressman-Gutman Co., 459 F.3d 383, 399 (3d Cir. 2006). If a district court judge's refusal to recuse does not constitute an abuse of discretion, it will not satisfy the standard for mandamus relief.[3] See Alexander v. Primerica Holdings, Inc., 10 F.3d 155, 163 & n.9 (3d Cir. 1993).

We see no error in Judge Conner's refusal to recuse himself. That Judge Conner

---

[2] The appeal, docketed at No. 11-1746, has been stayed pending imposition of a Judgment and Commitment order by the District Court. A sentencing hearing has been scheduled in the District Court for July 22, 2011.

[3] Nelson did not seek recusal under 28 U.S.C. § 144. Mandamus will not lie to review the denial of recusal under § 144. Green v. Murphy, 259 F.2d 591, 594 (3d Cir. 1958) (en banc).

4

ruled against Nelson and expressed doubt as to his outrageous government misconduct defense is insufficient to establish personal bias or prejudice warranting recusal. See 28 U.S.C. § 455; Liteky v. United States, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").). Furthermore, Nelson's suggestions that Judge Conner is somehow involved in the alleged conspiracy against him because the Judge was responsible for appointing the attorneys who allegedly sabotaged him are wholly unsubstantiated.[4]

Nor has Nelson established that he is entitled to mandamus relief with respect to his request for an evidentiary hearing. To the extent Nelson seeks to challenge the District Court's rejection, in connection with its denial of the motion to withdraw his guilty plea, of his outrageous government misconduct defense without providing him an evidentiary hearing, he is free to do so on appeal. See Madden v. Myers, 102 F.3d 74, 77 (3d Cir. 1996) ("[A] writ of mandamus may not issue if a petitioner can obtain relief by appeal . . . ."). And to the extent Nelson alleges that counsel was ineffective, he may seek relief in the normal course of appellate and collateral proceedings.

For the foregoing reasons, we will deny Nelson's petition for a writ of mandamus.

---

[4] Nelson's request for a "certificate of necessity for [his] case to be heard by a [sic] impartial non-biased district court judge," (Mem. of Law in Supp. of Pet. 4), is likewise denied.