NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1746
_____

UNITED STATES OF AMERICA

v.

ROBERT L. NELSON,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 1-09-00211-001)
Honorable Christopher C. Conner, District Judge

_____

Submitted under Third Circuit LAR 34.1(a)
June 26, 2012

BEFORE:  FISHER and GREENBERG, Circuit Judges,
and OLIVER, District Judge*

(Filed:  July 13, 2012)
_____

OPINION OF THE COURT
_____

GREENBERG, Circuit Judge.

_____

*Honorable Solomon Oliver, Jr., Chief Judge of the United States District Court for the
Northern District of Ohio, sitting by designation.

This matter comes on before this Court on appeal from a judgment of conviction and sentence entered on September 30, 2011, in this criminal case following defendant-appellant Robert Nelson's plea of guilty to a three-count superseding indictment charging him with possession with intent to distribute 50 grams or more of cocaine base and cocaine, 21 U.S.C. § 841(a)(1), conspiracy to distribute 50 grams or more of cocaine base and cocaine, 21 U.S.C. § 846, and possession of a firearm by a convicted felon, 18 U.S.C. §§ 922(g)(1) and 924(e). The District Court sentenced Nelson to concurrent custodial terms of 235 months on each of the three counts to be followed by concurrent five-year terms of supervised release on each count. In addition, the District Court imposed a fine and special assessment. Nelson has filed a pro se notice of appeal but he has been represented on this appeal by Laurence C. Kress, an attorney appointed under the Criminal Justice Act.

Kress has filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396 (1967), identifying the issues that he believes could be raised on behalf of White on this appeal but concluding that all are without merit. Consequently, he has requested leave to withdraw as counsel for Nelson. The government in its answering brief agrees with Kress and states that his motion should be granted and the judgment of conviction and sentence should be affirmed.

Kress has indicated that the possible issues that could be raised on behalf of Nelson are as follows:

> Whether the district court erred by considering statements made by Mr.
> Nelson during proffer meetings in determining the applicable guidelines?

2

Whether the district court erred by denying Mr. Nelson's motion to compel disclosure of Brady materials?

Whether the district court erred by denying finding that Mr. Nelson's statements to police following his arrest were admissible for sentencing purposes?

Whether the district court imposed a substantively unreasonable sentence?

Pursuant to our leave Nelson filed an initial pro se brief in which he raised the following issues:

Whether Attorney Jeffrey Conrad [District Court counsel] committed fraud by altering Mr. Nelson's phone records in an attempt to conceal governmental misconduct?

Whether the district court abused its discretion by allowing Attorney Conrad to submit altered phone records to the court?

Whether any of Mr. Nelson's attorneys provided ineffective assistance counsel?

Whether the district court abused its discretion in denying Mr. Nelson's motion for recusal?

Whether the district court abused its discretion in denying Mr. Nelson's pro se motion for continuance of trial?

Whether the district court abused its discretion in failing to remove Attorney Conrad as counsel following his explanation of why he was not pursuing a claim of misconduct against Mr. Nelson's prior counsel?

Whether the district court constructively denied Mr. Nelson his rights under the Fifth and Sixth Amendments by appointing attorneys to whom the court and the government could dictate defense strategy?

Whether the district court erred in appointing Attorney Thomas Thornton [District Court counsel] to represent Mr. Nelson without advising him of a conflict of interest in open court so as to permit a knowing and intelligent waiver of the conflict?

Whether the district court abused its discretion in denying Mr. Nelson's motion to withdraw his guilty plea?

3

Whether the district court abused its discretion in denying Mr. Nelson's motion to withdraw his guilty plea without an evidentiary hearing?

In addition to filing his initial brief, pursuant to our further leave Nelson has filed a supplemental brief expanding on his contentions.

The District Court had jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction under 29 U.S.C. § 1291 and 18 U.S.C. § 3742(a). For the most part on this appeal we are exercising an abuse of discretion standard of review though in part we are exercising plenary review. But the distinction between the standards of review is of no significance inasmuch as our result would not be different if we exercised plenary review on all issues that could be raised on this appeal.

After our review of this case including all of the briefs we have concluded that there is no merit to any of the issues that either Kress or Nelson has raised. In particular, we see no error in the District Court's denial of Nelson's request to withdraw his plea of guilty. Consequently, we grant Kress's motion to withdraw as Nelson's counsel and will affirm the judgment of conviction and sentence entered September 30, 2011.

4