**CLD-314**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2407
_____

IN RE:  ROBERT L. NELSON,
                                                            Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to Criminal No. 1:09-cr-00211-001 & Civil No. 1:13-cv-00874)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
July 3, 2013

Before:  RENDELL, JORDAN and SHWARTZ, Circuit Judges

(Opinion filed:  July 25, 2013)
_____

OPINION
_____

PER CURIAM

        This is pro se petitioner Robert Nelson's second mandamus petition requesting the

recusal of the District Judge presiding over his federal criminal case.  See Alexander v.

Primerica Holdings, 10 F.3d 155, 163 (3d Cir. 1993) ("Mandamus is a proper means for

this court to review a district court judge's refusal to recuse from a case pursuant to 28

U.S.C. § 455(a), where the judge's impartiality might reasonably be questioned.")

(citation omitted).  Disposing of the first (which Nelson filed in 2011), we found no error

in the District Judge's decision to continue presiding over the case; that "Judge Conner ruled against Nelson and expressed doubt as to his outrageous government misconduct defense is insufficient to establish personal bias or prejudice warranting recusal." In re Nelson, 431 F. App'x 213, 216 (3d Cir. 2011) (nonprecedential per curiam). Nor did we find substantiated Nelson's claims that Judge Conner was "involved in the alleged conspiracy against him" by "appointing the attorneys who allegedly sabotaged him." Id. We further explained that Nelson's allegations of error could, in general, be raised on appeal and in collateral proceedings. Id.

Since our June 2011 decision, Nelson has sought relief on direct appeal. In that matter, we granted counsel's motion to withdraw under Anders v. California, 386 U.S. 738 (1967), and affirmed Nelson's conviction and sentence. See United States v. Nelson, 488 F. App'x 552, 554 (3d Cir. 2012) (nonprecedential). Nelson has also filed a 28 U.S.C. § 2255 motion, alleging (inter alia) judicial misconduct and ineffective assistance of counsel, that remains pending before Judge Conner at the time of this writing.

In this mandamus petition, Nelson argues that Judge Conner "allowed the defense counsel to act as a Government Agent" by "sit[ting] in ex-parte proceedings" and "submit[ting] false documents" to the Court, which "demonstrate[d] the Judge's deep[-]seated favoritism[] for the Government." In other words, he raises nothing new. Many of the present allegations were invoked in counsel's Anders brief on direct appeal, and others are contained in Nelson's collateral attack. None appears to pertain to, or otherwise indicate, a level of bias that would justify the extraordinary remedy of mandamus. See Cheney v. U.S. Dist. Court for D.C., 542 U.S. 367, 380 (2004).

Moreover, Nelson clearly may pursue relief by alternative means, as he has done.  In re Pressman-Gutman Co., 459 F.3d 383, 399 (3d Cir. 2006).  For substantially the same reasons discussed in our opinion relating to Nelson's prior mandamus petition, we conclude that relief is unwarranted and will deny this petition.  See Primerica, 10 F.3d at 163 & n.9.  To the extent that Nelson requests other relief in his filings in this Court, his requests are denied.