NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3788
_____

UNITED STATES OF AMERICA

v.

ROBERT NELSON,

Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-09-cr-00211-001)
District Judge:  Hon. Christopher C. Conner
_____

Submitted Under Third Circuit LAR 34.1(a)
September 13, 2018

Before:  JORDAN, VANASKIE, and RENDELL, *Circuit Judges*.

(Filed: September 20, 2018)

_____

OPINION*
_____

* This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

JORDAN, *Circuit Judge*.

Robert Nelson appeals his revised 150-month term of imprisonment. The District Court imposed it after granting Nelson's motion to vacate his prior 235-month sentence, based on an intervening Supreme Court decision, *Johnson v. United States*, 135 S. Ct. 2551 (2015). Nelson argues that his revised sentence, which represents a 29-month upward variance from the recommended sentence under the United States Sentencing Guidelines (the "guidelines"), is unreasonable. It is not, and we will affirm.

## I.      Background

In 2010, Nelson pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). At the same time, he also pled guilty to two drug-trafficking offenses, in violation of 21 U.S.C. §§ 841(a)(1) and 846. At sentencing, the District Court concluded that he had three or more qualifying prior violent felony or drug convictions under the Armed Career Criminal Act (the "ACCA"), 18 U.S.C. § 924(e), and therefore was subject to the ACCA's enhanced penalties, including a 15-year mandatory minimum sentence of imprisonment. With that designation, Nelson was, by the Court's calculation, subject to a guidelines imprisonment range of 188 to 235 months. After reviewing Nelson's lengthy criminal history and the nature of his offense, the District Court concluded "that he must be subject to a very substantial term of imprisonment." (Appendix ("App.") at 116.) Specifically, the Court described Nelson as a man who had "squandered" numerous prior opportunities for rehabilitation and one who "poses a great risk of danger to the community and is extremely likely to

2

recidivate."[1]  (App. at 116-17.)  Although noting that it "seriously considered an upward variance[,]" it concluded that "a sentence at the high end of the guideline range is appropriate[.]"  (App. at 117.)  Thus, it sentenced Nelson to a concurrent term of 235 months' imprisonment, to be followed by a 5-year term of supervised release, and it imposed a $2,300 fine.  We affirmed that sentence.  *United States v. Nelson*, 488 F. App'x 552 (3d Cir. 2012).

A few years later, the Supreme Court issued its decision in *Johnson*, which invalidated part of the ACCA's definition of violent felony.  135 S. Ct. at 2555-56, 2563 (concluding that the "residual clause" of 18 U.S.C. § 924(e)(2)(B)(ii) is void for vagueness).  After *Johnson*, Nelson filed a motion to vacate his sentence, under 28 U.S.C. § 2255, arguing that he lacked three qualifying predicate convictions and, therefore, his ACCA-enhanced sentence was unlawful.  The District Court agreed, granted his motion, and scheduled a resentencing hearing.[2]

Prior to the hearing, the Probation Office circulated a memorandum with a revised calculation of Nelson's recommended sentence under the guidelines.  Without the ACCA

---

[1] The District Court reviewed in detail Nelson's criminal history, which, it noted, included eight prior convictions and multiple parole revocations.  It estimated that Nelson had spent "almost twenty years" in custody or intermediate punishment.  (App. at 116.)  The Court considered it "remarkable that [Nelson] ha[d] amassed the record set forth in the presentence report given his custodial time," saying that "when he was on the street Mr. Nelson was either engaged in or plotting criminal conduct."  (App. at 116.)

[2] The District Court's opinion sets forth the details of Nelson's *Johnson* claim and its reasons for granting relief.  *United States v. Nelson*, No. 09-211, 2017 WL 4648145 (M.D. Pa. Oct. 17, 2017).  We do not address it, however, as neither party appeals the District Court's ruling.

designation, the calculated total offense level was 28 and the criminal history category was III, yielding a recommended sentence of 97 to 121 months' imprisonment.

At resentencing, the government argued for an above-guidelines sentence. First, it filed a motion for an upward departure, arguing that the Court should raise Nelson's criminal history category from III to VI, to more accurately reflect the seriousness of his prior crimes and his risk of recidivism. Although the Court denied that motion and adopted the Probation Office's guidelines calculation, it said it would account for the government's reasoning when considering the sentencing factors set forth in 18 U.S.C. § 3553(a).

Nelson requested a sentence of time-served, or approximately eight and a half years, which was at the low end of the guidelines range. The government, on the other hand, argued for an upward variance from the range, to a sentence of 235 months. According to the government, notwithstanding the change in case law, imposing the same sentence was still fair because Nelson's personal history remained unchanged.

After hearing from the parties, the District Court addressed each of the § 3553(a) sentencing factors. It incorporated the lengthy observations it made in the first sentencing proceeding, reiterating its concerns about "the nature and circumstances of [Nelson's] offense" and his history of reoffending. (App. at 153.) The Court said that, although it wanted to believe Nelson "ha[d] learned his lesson," it found that suggestion "belied by his history[.]" (App. at 154.) In particular, the Court noted that it was "very concerned about the risk of recidivism," and that it had in fact previously considered an upward variance from Nelson's original ACCA-enhanced guideline range to adequately

4

account for that risk.  (App. at 155.)  Thus, it concluded, an upward variance was appropriate now.  It determined that a concurrent sentence of 150 months was "reasonable and appropriate, but not greater than necessary, to achieve [the] sentencing objectives."  (App. at 155.)  It also reduced Nelson's term of supervised release from 5 to 4 years.[3]

Nelson has timely appealed.

## II.    Discussion[4]

Nelson does not claim procedural error.  Rather, he argues that his revised 150-month sentence is substantively unreasonable because it represents a 29-month variance above the recommended guideline range.  According to Nelson, because the District Court previously "determined that a top-of-the-Guidelines range sentence" was appropriate, and because it did not identify any new aggravating factors when resentencing him, it abused its discretion by imposing a sentence that exceeded the revised guidelines' range.  (Opening Br. at 14.)  We disagree.

We must affirm a procedurally sound sentence as substantively reasonable "unless no reasonable sentencing court would have imposed the same sentence on that particular

---

[3] Specifically, the Court imposed a 150-month sentence and 4-year term of supervised release for each of Counts I (possession with intent to distribute 50 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1)) and II (conspiracy to distribute same, in violation of 21 U.S.C. § 846), and a 120-month sentence and 3-year term of supervised release for Count III (felon-in-posession charge, under 18 U.S.C. § 922(g)), to be served concurrently.

[4] The District Court had jurisdiction under 18 U.S.C. § 3231.  We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291.  We review the substantive reasonableness of a sentence for abuse of discretion.  *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc).

5

defendant for the reasons the district court provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc). Indeed, "absent any significant procedural error, we must 'give due deference to the district court's determination that the § 3553(a) factors, on a whole,' justify the sentence." *Id.* (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)).

Here, the District Court addressed each of the § 3553(a) factors, and adequately explained its reasons for varying upward by 29 months. Specifically, it highlighted its concerns about Nelson's pattern of reoffending, notwithstanding having previously served multiple terms of imprisonment. The record here was more than adequate to support those concerns and the sentence imposed. We certainly cannot say that no reasonable court would have issued a 150-month sentence under the circumstances.

## III. Conclusion

For the foregoing reasons, we will affirm Nelson's sentence.